UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY VAN HOOK, et. al | ) | No. 4:15 CR 542 HEA / DDN |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**
**REGARDING MOTION TO DISMISS INDICTMENT**

Before the court is the pending *pro se* motion of defendant Larry Van Hook to dismiss the indictment. (ECF No. 173.) Pretrial motions were referred to the undersigned United States Magistrate Judge for determination or recommended disposition under 28 U.S.C. § 636(b). *See* Docket entry on December 11, 2015 following ECF No. 9. The parties were heard on the motion to dismiss on June 14, 2016.

In the two-count indictment, defendant Van Hook is charged only in Count 1 with five others, with conspiracy to distribute and to possess with the intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846. (ECF No. 1 at 1–2.)

Defendant Van Hook's motion to dismiss argues that the court does not have subject matter jurisdiction over this case or standing to consider this case, because the indictment, on its face, fails to allege that any individual's rights were violated and that defendant Van Hook acted in a malicious manner. (ECF No. 173.)

Count I of the indictment alleges that the movant and others, during the period at least from November 2014 and extending to the date of the indictment (December 10, 2015),

> did knowingly and unlawfully combine, conspire, agree, and confederate together with each other and other persons, both known and unknown to the Grand Jury, to distribute and possess with the intent to distribute a controlled substance, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1); and

> The quantity of actual methamphetamine involved in the conspiracy attributable to each defendant as a result of his/her own conduct, and the conduct of other conspirators reasonably foreseeable to him/her, is fifty grams or more, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(viii).

(ECF No. 1 at 1–2.)

Defendant's argument that the court lacks subject matter jurisdiction is without merit. The court's subject matter jurisdiction depends, not on whether the allegations in the indictment are legally sufficient to charge a federal crime, but on whether the power to decide defendant's case is granted by a statute of Congress under Article III of the Constitution. United States v. Cotton, 535 U.S. 625, 630 (2002) (referring to "the courts' statutory or constitutional *power* to adjudicate the case," quoting Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 89 (1998)). Article III of the Constitution provides that the judicial power of the United States extends to all cases arising under the Constitution and the laws of Congress, including criminal matters in which the United States is a party. See U.S. Const. Art. III §§ 2, 3. Congress implemented the constitutional grant of authority in Title 18, United States Code, § 3231 which provides in relevant part, "The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231. As stated, under the laws of the United States, the federal grand jury of this district returned its indictment, in this case prosecuted by the United States, finding probable cause to believe defendant Van Hook committed the Count 1 criminal offense. This court has subject matter jurisdiction over the case.

At the hearing held on June 14, 2016, the undersigned assured defendant Van Hook that the court would assess his argument that the allegations of Count 1 of the indictment, putting aside the issue of subject matter jurisdiction, were nevertheless legally insufficient. The undersigned has done so and concludes that the Count 1 is legally sufficient on its face.

To be legally sufficient on its face against defendant Van Hook, Count 1 of the indictment must contain all the essential elements of the offense charged; it must fairly inform him of the charge against which he must defend; and it must allege sufficient information to allow him to plead a conviction or an acquittal as a bar to a future prosecution. U.S. Const. amends. V and VI;

Fed. R. Crim. P. 7(c)(1); Hamling v. United States, 418 U.S. 87, 117 (l974); United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001).

Count 1 of the indictment against defendant Van Hook is legally sufficient on its face. First, it alleges all the essential elements of a drug trafficking conspiracy under 21 U.S.C. § 846, i.e. defendant Van Hook (1) knowingly (2) agreed with the other alleged conspirators (3) to violate 21 U.S.C. § 841(a)(1). E.g., United States v. Anderson, 2014 WL 11394981 at *1 (E.D. Mo. Sept. 4, 2014). Congress did not include in the statutory definition of the § 846 conspiracy crime the facts that an individual's rights were violated by the defendants' criminal activity or that any defendant act in a malicious manner.

Further, the indictment also alleges sufficient information to allow Van Hook to defend himself at trial and to identify the nature of the case so he can protect himself against future double jeopardy. This additional information includes the alleged time period of the conspiracy (November 2014 to December 10, 2015), its location (the Eastern District of Missouri), the persons involved in the conspiracy (Van Hook and all codefendants), the controlled substance involved (methamphetamine), and the amount (at least 50 grams). (ECF No. 1 at 1-2.)

## RECOMMENDATION

For the reasons set forth above,

**IT IS HEREBY RECOMMENDED** that the motion of defendant Larry Van Hook to dismiss the indictment (ECF No.173) be denied.

The parties are advised they have 14 days to file written objections to this Report and Recommendation. The failure to file timely, written objections may waive the right to appeal issues of fact.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 15, 2016.